**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**RUTH JOHNSON**
**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| B.B., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-JV-852 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1204-JD-1004

**May 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

B.B. appeals the juvenile court's adjudication that he committed the delinquent act of disorderly conduct,[1] a Class B misdemeanor if committed by an adult. He presents the following restated issue: whether there was sufficient evidence to support the delinquency adjudication.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On the evening of April 5, 2012, S.C. was at the home of J.Z. when R.E. and B.B. approached the residence. S.C. and J.Z. looked out the window and saw the two males. J.Z. knew R.E. because they had gone to school together, but they were not friends after "a falling out" in middle school. *Tr*. at 17. Neither J.Z. nor S.C. knew B.B. or had seen him before that day.

J.Z. and S.C. exited the house "to see if it was really them," and saw the two boys approximately fifteen to twenty feet away, near an alley. *Id*. at 19. J.Z. and S.C. saw B.B. take off his shirt, jump up and down while waving a knife, and yell at them, "come at me, come at me." *Id*. at 10, 27. Meanwhile, J.Z.'s father, Billy, observed what was occurring through a window, and he too exited the house. B.B. was still showing the knife when Billy got outside. The two boys fled on foot, and Billy called the police as he and the girls chased the boys. The police instructed Billy and the girls to stop any pursuit and wait, and shortly thereafter, the police apprehended R.E. and B.B. The police brought Billy and the two teen

---

[1] *See* Ind. Code § 35-45-1-3.

girls to the scene of the arrest, where the three identified B.B. as the person who had been waving the knife and yelling.

The State filed a petition alleging that B.B. was a delinquent child for an act that would have been Class B misdemeanor disorderly conduct if committed by an adult. The juvenile court held a denial hearing, where Billy and the two teen girls testified as to the above events. B.B. testified to a different series of events, stating that he and R.E. were at a park that day, when Billy and two other men came to the park and threw bricks at them. He and R.E. started running and were at some point stopped by the police. B.B. denied having a knife in his possession that day.

At the conclusion of the hearing, the juvenile court entered a true finding as to disorderly conduct. Thereafter, the court held a dispositional hearing and, finding that no probation or services were warranted, closed the case. B.B. now appeals.

## DISCUSSION AND DECISION

B.B. contends that the evidence presented is insufficient to sustain the true finding that he committed disorderly conduct. When reviewing a juvenile delinquency adjudication, we will consider only the evidence and reasonable inferences supporting the judgment. *B.R. v. State*, 823 N.E.2d 301, 306-07 (Ind. Ct. App. 2005). We neither reweigh the evidence nor judge witness credibility. *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

3

To support a finding that B.B. committed disorderly conduct as charged, the State was required to prove that he recklessly, knowingly, or intentionally engaged in fighting or tumultuous conduct. *See* Ind. Code § 35-45-1-3(1). Tumultuous conduct is that which "results in, or is likely to result in, serious bodily injury to a person or substantial damage to property." Ind. Code § 35-45-1-1. The term "likely," as used to define tumultuous conduct, includes a temporal requirement of immediacy. *B.R.*, 823 N.E.2d at 306-07. Tumultuous conduct "may occur when the aggressor appears well on his way to inflicting serious bodily injury but relents in the fact of superior force or creative resistance." *Bailey*, 907 N.E.2d at 1007. B.B. maintains that the evidence was not sufficient because there was no imminent likelihood of resulting serious bodily injury or property damage.

Here, the evidence reflects that on the day in question, R.E. and B.B. approached J.Z.'s house on foot. J.Z. and S.C. saw the boys through a window, and they exited the house. At that time the boys were fifteen to twenty feet away. B.B. took off his shirt and started waving a knife. While doing so, he said to them, "[C]ome at me, come at me," which suggested or even invited confrontation. *Tr.* at 27. Although B.B. argues that his conduct did not present a danger of immediate serious injury, we find that the facts indicate otherwise, as he brandished a knife while making threatening remarks designed to incite violence. The evidence most favorable to the judgment and the reasonable inferences therefrom establish that a trier of fact could reasonably conclude that B.B.'s conduct created an immediate danger of serious bodily injury, which was defused only when Billy and the girls chased B.B. and R.E. *See B.R.*, 823 N.E.2d at 307 (defendant student engaged in

4

delinquent act of disorderly conduct when he pointed knife at fellow student during argument, which was defused only when the threatened person struck defendant). We conclude that the State presented sufficient evidence to support the delinquency adjudication.

Affirmed.

VAIDIK, J., and PYLE, J., concur.